# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ODELL DAVIS, | ) |
| | ) Civil Action No. 2: 13-cv-01679 |
| Petitioner, | ) |
| | ) United States Magistrate Judge |
| v. | ) Cynthia Reed Eddy |
| | ) |
| DEPT OF CORRECTIONS AT | ) |
| SCI SMITHFIELD, et al | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 be transferred to the United States District Court for the Eastern District of Pennsylvania because that is the District wherein the state court conviction of Robert Odell Davis ("Petitioner") was obtained, and, as such, it is the proper venue for litigation of the underlying allegations of the Petition.

**II. REPORT**

Petitioner is currently incarcerated at the State Correctional Institution at Smithfield ("SCI–Smithfield"), which is located in Huntingdon, Pennsylvania, Huntington County, which is within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(c). In the Petition, he challenges the judgment of sentence imposed upon him on April 11, 2005, by the Court of Common Pleas of Northampton County,

which is located within the territorial boundaries of the United States District Court for the Eastern District of Pennsylvania. ECF No. [1] at 1, ¶¶ 1, 2.[1]

When a state prisoner files a petition for a writ of habeas corpus in a state like Pennsylvania, that contains two or more Federal judicial districts:

> the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. **The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.**

28 U.S.C. § 2241(d) (emphasis added).[2]

In performing this venue analysis, courts may rely upon traditional venue considerations. *See Braden v. 30th Judicial District,* 410 U.S. 484, 493 (1973); *Garcia v. Pugh,* 948 F. Supp. 20, 23 (E.D. Pa. 1996). These considerations include: (1) the location where the underlying material events took place; (2) the location where records and witnesses pertinent to the claim are likely to be found; (3) the convenience of the forum for the petitioner and the respondent and; (4) the familiarity of the court with the applicable laws. *Braden*, 410 U.S. at 493; *see also Jumara v. State Farm Ins.* Co., 55 F.3d 873, 879 (3d Cir. 1995) (discussing traditional venue considerations).

---

[1] The Court takes judicial notice of the criminal court docket of Northampton County in Petitioner's criminal case, which is available at: http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-48-CR-0001933-2004. (last visited 1/22/2014).

[2] The issue of proper venue may be raised *sua sponte* by a court. *See Stjerholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Garcia v. Pugh*, 948 F. Supp. 20, 23 (E.D. Pa. 1996). To the extent that such action by a court requires notice to Petitioner and an opportunity to be heard before a transfer on grounds of venue, the issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard. *See, e.g., Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998); *Folkner v. Wilson*, Civ. A. 06-47, 2006 WL 1509388 (W.D. Pa. Feb. 28, 2006).

Application of these traditional venue considerations to the facts of this case reveals that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania. First, the underlying material event, which was Petitioner's criminal trial, conviction, and sentencing, took place in Northampton County, Pennsylvania, in the Eastern District. Second, all of the records and most of the participants are presumably located in Northampton County. Third, in terms of convenience of the forum, if a hearing is held, it will be more convenient for most of the witnesses and the District Attorney of Northampton County to litigate this Petition in the Eastern District. Obviously, Petitioner would be temporarily transferred to a Pennsylvania Department of Corrections facility near Northampton County were a hearing to be required. Fourth, the factor of the familiarity of the court with the applicable laws is evenly balanced as both this Court and the Eastern District Court are familiar with the law of Pennsylvania. Considering all of these factors in the context of this particular action, the factors weigh heavily in favor of transferring this case to the United States District Court for the Eastern District of Pennsylvania where the state criminal trial was held.

It has been the general practice of the federal district courts in Pennsylvania to transfer habeas corpus petitions to the federal district court where the Court of Common Pleas is located that conducted the underlying criminal trial of the petitioner. *Ortiz v. Pennsylvania*, No. 3:10-cv-028, 2010 WL 936448, at *1 (M.D. Pa. March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); *Nightingale v. Vincent,* No. Civ. A. 08–95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of

Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted."). *See also Rouzer v. DiGuglielmo,* Civ. A. No. 07–0268, 2007 WL 853750, at *1 (E.D. Pa. March 20, 2007).

### III. CONCLUSION

After weighing all of the relevant factors and considering the general court practice, it is recommended that the case be transferred to the Eastern District of Pennsylvania, the situs of the state court criminal trial. It is further recommended that ruling on Petitioner's Motion for Leave to Proceed in forma pauperis be left to the discretion of the transferee court.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed until February 10, 2014, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: ROBERT ODELL DAVIS
GG-6316
SCI Smithfield
Post Office Box 999
1120 Pike Street
Huntingdon, PA 16652